**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RAY WHEELER,<br><br>                    Plaintiff,<br><br>     v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation,<br><br>                    Defendants. | **Case No.** C04-5879JKA<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

THIS MATTER comes before the court on Defendant's Motion for Partial Summary Judgment seeking dismissal of plaintiff's claims for wrongful discharge and breach of implied contract. The court has reviewed all materials submitted in support of and in response to said motion as well as the files and records herein.

## DISCUSSION:

It appears undisputed that plaintiff was employed by defendant for a period in excess of 15 years. His job responsibilities were applied in defendant's division of Integrated Technology Services. Plaintiff's prayer for relief is premised on the following allegations: (1) that in June of 2002 defendant's regional managers instructed employees to avoid overtime compensation or risk losing their employment; (2) that plaintiff voiced his opposition to the instructions received from regional management regarding overtime

compensation which he claimed were in derogation of company policy; (3) that in September of 2002 plaintiff was notified that defendant was instituting a layoff procedure against him; (4) that plaintiff appealed the layoff action and it was reversed; (5) that a subsequent layoff action was initiated against plaintiff and plaintiff's appeal was denied; and (6)that plaintiff was terminated effective March 31, 2004.

Plaintiff' complaint alleges three causes of action: (a) wrongful discharge in violation of public policy; (b) wage claim pursuant to RCW 4.46; and (c) breach of implied contract.  Defendant's motion for summary judgment is with regard to the claims for wrongful discharge and breach of implied contract.

**A. Wrongful Discharge in Violation of Public Policy**.  Plaintiff claims defendant's actions were in clear violation of public policy as established by Washington law pursuant to RCW 49.46.090 imposing liability on an employer who refuses to pay the total amount of wages owed and employee, and RCW 49.46.100 forbidding discrimination or unlawful discharge of employees who complain of unlawful wage practices by the employer.

Defendant argues that plaintiff fails to establish a sufficient nexus between his complaints about the overtime policies and his ultimate termination.  This court is satisfied that plaintiff has set forth a clearly established public policy as set forth by statute.  The declarations of plaintiff, Brockman, Cheney, and Wheeler, as well as those excerpts from the deposition of Cynthia Hobson attached to the declaration of Brian Dolman, create a sufficient factual basis to defeat defendant's motion for summary judgment as to the claim of wrongful discharge.  The court has reviewed defendant's declarations as well.  Viewed in a light most favorable to the plaintiff the motion for partial summary judgment of dismissal on plaintiff's wrongful discharge claim should be denied.

**B. Wage Claim.**  Plaintiff seeks lost wages based on allegations defendant violated RCW 49.46 et seq. insofar as defendant failed to preserve or falsified wage records; refused to pay earned wages and overtime compensation; forced plaintiff to take compensation time in lieu of overtime wages; altered time cards/threatened employees that accumulated overtime; and discriminated/retaliated against plaintiff for

complaining about the foregoing unlawful practices. Plaintiff also alleges that defendant failed to allow lunch and rest breaks without being on call to attend customer needs.

**C. Breach of Implied Contract.** Plaintiff seeks damages for breach of contract based on defendant's alleged retention of supplemental hires and non-biased Resource Action evaluation process. Defendant correctly posits that plaintiff's subjective beliefs and expectations are not sufficient to establish the basis of an implied contract. In plaintiff's response to defendant's motion for partial summary judgment there is a direct and specific response to the issue of wrongful discharge. Plaintiff does not, however, specifically address the motion insofar as it relates to his claim based on breach of implied contract. Although the declarations of Gary Cheney and Brad Brockman speak of the practice regarding supplemental hires, plaintiff's declaration regarding the use of supplemental hires appears to be based on his "understanding." Viewed in a light most favorable to the plaintiff, there is no evidence before the court as to when or how that was communicated to him or that it was an implied condition of employment he could rely on. Defendant's motion for partial summary judgment on plaintiff's breach of implied contract claim should be granted.

## CONCLUSION:

Based on the foregoing, the court orders as follows:

1. Defendant's motion for partial summary judgment on plaintiff's claim for wrongful discharge is denied.
2. Defendant's motion for partial summary judgment on plaintiff's claim for breach of implied contract is granted.

December 23rd, 2005

*/s/ J. Kelley Arnold*
U.S. Magistrate Judge, J. Kelley Arnold

ORDER
Page - 4